|   |   |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. MJ20-0213JRC-JLR |
| Plaintiff, | ORDER ON MOTION FOR REVOCATION OF DETENTION ORDER |
| v. |   |
| RAOUL V. NORMANDIA, JR., |   |
| Defendant. |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter comes before the court upon Defendant Raoul v. Normandia, Jr.'s motion for revocation of detention order. (Mot. (Dkt. # 16).) The Government opposes the motion. (Resp. (Dkt. # 18).) The Defendant replied to the Government's opposition. (Reply (Dkt. # 23).) The court has reviewed the evidence before Magistrate Judge Tsuchida (and the supplemental evidence submitted by the parties) and made an independent determination of whether the Magistrate Judge's findings are correct

//

ORDER - 1

without deference. For the reasons set forth below, the court DENIES the Defendant's motion.

The Defendant seeks review of Magistrate Judge Tsuchida's detention order under 18 U.S.C. § 3145(b). (*See* Detention Order (Dkt. # 15).) Because the Defendant has been charged with possession of controlled substances with intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), the Court must begin with the rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). This presumption "shifts the burden of production to the defendant," though the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

The court has considered the five factors set out in 18 U.S.C. § 3142(g). The court has paid particular attention to Defendant's arguments found at pages 2-9 of his motion and the evidence found in Exhibits 2-4, which are attached to his motion. (*See* Mot. at 2-9, Exs. 2-4.) Given the facts in this matter the court does not believe the treatment of Defendant and the Co-Defendant constitute an impermissible disparity.

The facts of this case are extremely serious. They include the death of a Navy sailor from a suspected fentanyl overdose; Defendant's association with armed felons; and possession of various drugs, money, body armor, and firearms. Based on these considerations the court concludes that Defendant poses a risk of danger to the

//

1 community and no condition or combination of conditions can reasonably mitigate
2 this risk.

3     The Motion for Revocation of Detention Order (Dkt. # 16) is DENIED.

4     Dated this 10th day of June, 2020.

                                                    JAMES L. ROBART
                                                    United States District Judge