UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAOUL V. NORMANDIA Jr.,

    Defendant.

CASE NO. 2:20-cr-00110-RSL-1

**ORDER DENYING MOTION FOR TEMPORARY RELEASE**

Defendant moves for temporary release to be examined by a medical doctor. The government opposes the motion. The Court having considered the pleadings and the record DENIES the motion for temporary release, Dkt. 108.

Under 18 U.S.C. § 3142(i), the Court may grant defendant temporary release "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Defendant bears the burden to establish grounds for temporary release, *United States v. Terrone*, 454 F.Supp.3d 1009, 1018 (D. Nev. 2020), and the relief authorized by § 3142(i) should be be used "sparingly." *United States v. McKnight*, No. CR18-16 TSZ, 2020 WL 1872412, at *2–3 (W.D. Wash. Apr. 15, 2020) (citing *United States v. Boatwright*, —— F. Supp. 3d ——, 2020 WL 1639855 at *4 (D. Nev. Apr. 2, 2020)).

ORDER DENYING MOTION FOR
TEMPORARY RELEASE - 1

Defendant argues he should be temporarily released because he was diagnosed with COVID-19 in December 2020. He avers when he contracted COVID in December he had a scratchy throat, clogged nose, body aches and fever. He avers he has had two brief examination but has not been seen by medical staff since January despite having occasional chest pain. In support of his motion, he attached medical records he obtained from the Federal Detention Center (FDC). Dkt. 110.

Because Defendant requests temporary release based upon his medical condition and care at the FDC, and because Defendant submitted medical records in support, the Court ordered the United States to respond, and specifically directed the United States to indicate whether Defendant has been seen medically since Defendant filed the temporary release motion, and whether Defendant has a medical attention that warrants temporary release. Dkt. 113.

On May 13, 2021, the United States filed a response arguing Defendant was medically examined on May 11, 2021 and his medical records show his condition does not merit release, is being adequately assessed, and the FDC has a follow-up plan for further medical care. Dkt. 115.

The same day, Defendant filed a reply to the United States arguing Defendant's examination was performed by a "nurse" and that does not "increase our confidence that the medical staff pays sufficient attention to inmate complaints." Dkt. 118. Defendant also argues the Court should not consider the medical records the United States submitted because he did not sign a waiver.

The record before the Court does not support temporary release. First, the Court detained Defendant finding him a danger to the community. In August 2020, Defendant was charged by indictment with Count 1 Conspiracy to Distribute Fentanyl; Count 6 Possession of MDMA and Cocaine with the Intent to Distribute; and Count 7, Possession of a Firearm in Furtherance of a

Drug Trafficking Offense. On April 20, 2021, Defendant pled guilty as charged in the indictment; Defendant's sentencing is set for July 15, 2021.

Second, Defendant's motion revolves around contracting COVID, and displeasure with the medical care he has received. His motion indicates he contracted COVID in December and had initial symptoms such as fever, aches, etc. These symptoms have abated and there is nothing in his motion or supporting records showing these symptoms have continued. He contends he has not been seen medically since January. But he has not presented with any medical emergency, and there is no indication that formally requested medical services. At most he informally asked for services.

Third, Defendant was medically examined on May 11, 2021. He was examined by an Advanced Registered Nurse Practitioner – Certified (ARNP-C) and not by a nurse as Defendant's lawyer argues. The implication that Defendant was examined by an unqualified or incompetent medical practitioner is thus completely unsupported. The examination was extensive, and the ARNP-C ordered an optometry consult, obtaining Defendant's old sleep studies to confirm whether he has sleep apnea and issuance of a CPAP machine is indicated; obtaining X-rays and an EKG and monitoring of Defendant's blood pressure.

Thus, the medical records Defendant and the United States submitted do not show there is a compelling reason to grant temporary release to be seen by a doctor in the community. The record does not establish there is a medical emergency that requires release, or that the FDC will not or cannot provide adequate medical care at this juncture.

Although Defendant argues the Court should not consider medical records the government submitted, the Court cannot agree with that line of thought. Defendant claims he should be released for medical reasons and placed his medical condition and treatment at issue.

He, in fact, submitted medical records from the FDC in support of his motion for release, and thus waived any privilege he might have regarding his medical records. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1402 (9th Cir. 1994) (citations omitted); *cf. Morgan v. Doran*, 308 F. App'x 231, 231–32 (9th Cir. 2009) (holding that "medical records could be considered as non-hearsay under Federal Rule of Evidence 803(6)"); *Rose v. Strubeck*, No. CV-04-52-M-LBE, 2006 WL 8442770, at *2 (D. Mont. May 24, 2006), aff'd sub nom. *Rose v. Scott,* 357 F. App'x 77 (9th Cir. 2009) (holding that HIPPA does not preclude disclosure of the plaintiff's medical information and even if a privilege existed, the plaintiff waived it by placing his emotional condition at issue (citations omitted)).

Defendant cannot allege he is receiving inadequate medical care at the FDC and should therefore be temporarily released and then preclude presentation or discussion of his medical records. Moreover, the Court has granted both Defendant's and the United States' motion that the medical records submitted be filed under seal so the public will not have access to them.

The Court accordingly DENIES the motion for temporary release. Dkt. 108.

DATED this 14th day of May 2021

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge